## ELIZA SALMOND *vs.* INHABITANTS OF HANOVER.

If one who is properly assessed for certain real estate in a town is also assessed therein for certain other real estate alleged to lie within the limits thereof, but which in fact lies in an adjoining town, and pays the tax upon the last mentioned land under protest, he cannot maintain an action against the town to recover back the same. His proper remedy was by application for an abatement of the tax.

CONTRACT brought to recover back the amount paid by the plaintiff for a tax, assessed to her in Hanover in 1861, upon certain real estate.

It was agreed in the superior court that the plaintiff was properly assessed in Hanover for certain other real estate in that year; but there was a dispute between the towns of Hanover and South Scituate as to the position of the boundary line between them, and each claimed the right to tax the land upon which the tax in controversy was laid. Certain facts were agreed which the plaintiff insisted were conclusive to show that the land in question was not in Hanover; upon which facts, judgment was rendered for the plaintiff, for the amount paid by her under protest for the tax upon that land. The defendants appealed to this court.

*E. Ames & P. Simmons,* for the defendants.

*B. W. Harris & P. E. Tucker,* for the plaintiff. The tax now in question was upon land situated in South Scituate, and the assessors of Hanover had no jurisdiction to assess a tax upon it, and their act in making such assessment was null and void. Real estate is an integral subject of taxation, and is exclusively within the jurisdiction of the assessors of the place where it is situated. *Lincoln* v. *Worcester,* 8 Cush. 62. This is not like an overvaluation by assessors in a case where the subject of the tax is within their jurisdiction.

BIGELOW, C. J. This is a clear case of overvaluation, for which the exclusive remedy is by an application to the assessors for abatement, and an appeal from their decision to the county commissioners. The assessors of the town of Hanover had jurisdiction of the subject matter of the assessment of real

estate to the plaintiff, inasmuch as she was the owner of land which was situated in that town. It was competent for them, therefore, to assess a tax on her real estate. Such a tax was laid on an integral subject, and the question whether the tax was excessive, or whether the assessment included real estate of which the plaintiff was not the owner, as well as that which did belong to her, or for which she was liable to assessment elsewhere, cannot be gone into in a suit at law. The last was the precise point adjudged in *Lincoln* v. *Worcester*, 8 Cush. 55, 65, in relation to personal estate, in which case it appeared that the plaintiff was assessed for shares belonging to his ward, which were by law taxable in another town. It was held that he could not recover back a tax so laid, which had been paid under protest. The same rule is applicable to the taxation of real estate.

*Judgment for the defendants.*